UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARK A. G'FRANCISCO, | ) |
| Plaintiff | ) |
| | ) No. 3:13-1084 |
| v. | ) Judge Campbell/Bryant |
| | ) **Jury Demand** |
| GOFIT, LLC, *et al.*, | ) |
| Defendants | ) |

## MEMORANDUM AND ORDER

Plaintiff G'Francisco has filed his motion to compel, for sanctions, and to modify the initial case management order (Docket Entry No. 49). Defendant GoFit, LLC has filed a response in opposition (Docket Entry No. 57), and Plaintiff has filed a reply (Docket Entry No. 60).

For the reasons stated below, Plaintiff's motion is **GRANTED** in part and **DENIED** in part.

### STATEMENT OF THE CASE

Plaintiff G'Francisco has filed this product liability action seeking damages for personal injuries that he allegedly sustained while using a home exercise product sold by Defendant GoFit, LLC. Plaintiff asserts claims of strict liability, negligence, and breach of warranty (Docket Entry No. 40). Defendants GoFit and Bob Harper Enterprises have filed answers denying liability and asserting affirmative defenses (Docket Entry Nos. 45 and 46).

**SUMMARY OF PERTINENT FACTUAL ALLEGATIONS**

Plaintiff alleges that on October 4, 2012, he received personal injuries while using a Bob Harper 15-30 Pound Resistance Powerband device sold by Defendant Go-Fit, LLC. This device consists of two rubber resistance bands that are attached to a door anchor component. G'Francisco alleges that he placed the door anchor underneath the closet door in his bedroom and then closed the door and began exercising using the device. He claims that after several repetitions of exercise the door anchor suddenly became dislodged from underneath the closet door and recoiled in slingshot fashion causing the door anchor to strike him violently in the left eye. As a result, G'Francisco alleges that he has permanently lost sight in his left eye. He claims that the Powerband exercise device sold by Defendants, and particularly its door anchor component, was defective and unreasonably dangerous, and that the warnings provided with this product were inadequate and insufficient.

Defendants deny these claims and assert that G'Francisco used the device improperly and contrary to warnings provided with the product.

**ANALYSIS**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides generally that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

defense, and that relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. G'Francisco in his motion to compel asserts multiple shortcomings in Defendants' responses to his interrogatories and requests for production of documents. The undersigned will address these complaints in the sequence in which they appear in Plaintiff's motion (Docket Entry No. 49).

**"Overly broad and unduly burdensome" objections**. G'Francisco complains that in almost every response to his interrogatories or requests for production Defendants objected on grounds that the interrogatory or request was "overly broad and unduly burdensome." Some responses also included the additional objections that the interrogatory was "vague" or "exceeds the scope of permissible discovery under Rule 26 of the Federal Rules of Civil Procedure." These objections were accompanied by little or no factual explanation to support the objections of overbreadth or undue burden.[1]

In the absence of any factual explanation to support Defendants' conclusions of overbreadth or undue burden, the undersigned finds that Defendants' have failed to carry their burden to establish the merit of these objections. For this reason,

---

[1]The parties' motion papers establish that Defendant GoFit is a relatively small company with approximately fifteen employees. This suggests that locating and producing responsive information and documents should not be difficult or particularly expensive.

Defendants' general objections of overbreadth and undue burden are overruled.

**Responses "notwithstanding and without waiving" objections**. Plaintiff G'Francisco also complains that Defendants' responses "notwithstanding and without waiving" objections are confusing and ambiguous. In their responses to a multitude of Plaintiff's interrogatories and requests for production, Defendants state initial objections and then state that "notwithstanding and without waiving said objections," they provide certain responsive information. What remains unclear, according to the Plaintiff, is whether Defendants' responsive information is complete or merely part of the responsive information in their possession with the rest being withheld pursuant to their objections. Thus the phrase "notwithstanding and without waiving said objections" raises a question that the remainder of the response fails to answer: What additional responsive information, if any, is being withheld based upon the stated objection?

The undersigned Magistrate Judge finds that, in order to clear up this uncertainty, Defendants shall serve a supplemental response to each interrogatory or request for production for which their initial response contained the phrase "Notwithstanding and without waiving said objections." In such supplemental responses, Defendants shall state whether the responsive information previously provided was complete or, alternatively, whether

Defendants are withholding additional responsive information subject to their objections.

**Proper scope of permissible discovery**. Plaintiff G'Francisco asserts that certain of Defendants' objections and responses lack merit because they are based upon an incorrect statement of the scope of discovery. Specifically, Defendants have objected in some instances on the ground that responsive information would be inadmissible at trial. As stated above, this is not the correct standard for discovery. Rule 26(b)(1) provides that discoverable information need not be admissible at trial if it appears reasonably calculated to lead to the discovery of admissible evidence. Further, Defendants apparently seek to limit their discovery responses to the specific exercise device at issue in this case: the GoFit Bob Harper 15-30 Pound Resistance Powerband. However, the record indicates that this specific device was one of several substantially similar devices sold by Defendant GoFit that possessed in common (1) rubber tubes or bands designed to provide resistance, and (2) a door anchor. (Docket Entry No. 57-2 at 2-4). Accordingly, given the factual allegations in this case, interrogatories and requests for production of documents that include not only the subject product model used by Plaintiff but also other substantially similar products is fair game. To the extent that Plaintiff's interrogatories or requests for production seek information regarding substantially similar products,

Defendants' objections based on overbreadth or scope of discovery are overruled.

**Objections based on privilege or work product doctrine**. Defendants have asserted certain objections based upon the attorney-client privilege, attorney work product doctrine, and the attorney-private detective privilege. Plaintiff complains that Defendants have failed to serve the required privilege log. Rule 26(b)(5)(A) provides that when a party withholds information otherwise discoverable by claiming that the information is privileged, the party must describe the nature of the documents, communications, or tangible things not produced in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim. This description ordinarily is included in a privilege log. The undersigned finds that, to the extent they have not already done so, Defendants shall serve upon Plaintiff's counsel a privilege log describing any information or document responsive to discovery that are being withheld based upon a claim of privilege.

**Request for fees and expenses**. Plaintiff G'Francisco by his motion seeks an award of expenses and fees allegedly incurred due to Defendants' shortcomings in their discovery responses. Following a thorough review of the motion papers of the parties, the undersigned Magistrate Judge is unpersuaded that the circumstances of this matter make an award of expenses and fees

6

justified, and, to this extent, Plaintiff's motion is **DENIED**.

To the extent that the rulings in this order require supplemental responses by Defendants and the service of a privilege log, such supplemental responses and privilege log shall be served on or before **February 3, 30215**. Plaintiff shall thereafter serve any supplement to his Rule 26(a)(2) expert witness disclosure by **February 24, 2015**.

It is so **ORDERED**.

/s/  John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge