IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MARK A. G'FRANCISCO )
)
v. ) NO. 3-13-1084
) JUDGE CAMPBELL
GOFIT, LLC, et al. )

MEMORANDUM

Pending before the Court is a Motion for Summary Judgment filed by Defendants GoFit, LLC and Bob Harper Enterprises (Docket No. 68). For the reasons stated herein, Defendants' Motion is DENIED.

FACTS

Plaintiff's Amended Complaint (Docket No. 40) alleges strict liability, breaches of warranties and negligence under Tennessee law arising from Plaintiff's use of a Bob Harper 15-30 pound GoFit Multiple Strength Powerband ("the Product"). Plaintiff alleges that, on October 4, 2012, he attached the door anchor of the Product to the bottom of a door and began to exercise with the Powerband. Plaintiff asserts that the door anchor of the Product suddenly and without warning recoiled, and the door anchor violently struck Plaintiff in the eye, causing permanent injury.

The Amended Complaint alleges that Defendants designed, manufactured, marketed and sold the Product in a defective, unsafe and unreasonably dangerous condition. Plaintiff contends that the Product had inadequate warnings, that Defendants were negligent, and that Defendants breached express and implied warranties with regard to the Product. Plaintiff claims both compensatory and punitive damages for his injuries in this case.

Defendants have moved for summary judgment on all of Plaintiff's claims, arguing that (1) any alleged danger inherent in the Product was open and obvious to an ordinary user, (2) the warnings on the Product were adequate as a matter of law, (3) Plaintiff cannot prove that any defect in the Product's warnings caused his injury, and (4) Plaintiff was more than 50% at fault for his injuries.

SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

PRODUCTS LIABILITY

Under the Tennessee Products Liability Act of 1978, a "products liability action" includes all of Plaintiff's claims herein, because it includes all actions based upon the following theories: strict liability in tort, negligence, breach of warranties, and failure to warn. Tenn. Code Ann. § 29-28-102 (6). A manufacturer or seller of a product shall not be liable for any injury caused by a product unless the product is determined to be in a defective condition[1] or unreasonably dangerous[2] at the time it left the control of the manufacturer or seller. Tenn. Code Ann. § 29-18-105(a).

Open and Obvious Danger

A product is not unreasonably dangerous because of a failure to adequately warn of a danger or hazard that is apparent to the ordinary user. Tenn. Code Ann. § 29-28-105(d). Defendants argue that this alleged danger was apparent to the ordinary user and, therefore, Defendants had no duty to warn of it. Defendants claim that they were entitled to rely on the common sense and good judgment of an ordinary person using the Product.

Plaintiff (citing Defendants' expert, among other things) argues that his particular use of the Product was not obviously dangerous. Whether the alleged danger was apparent to an ordinary user is a question of fact as to which the parties obviously disagree. The Court cannot find, as a matter of law, that Defendants had no duty to warn of this danger under the circumstances of this case.

---

[1] "Defective condition" means a condition of a product that renders it unsafe for normal or anticipatable handling and consumption." Tenn. Code Ann. § 29-28-102(2).

[2] "Unreasonably dangerous" means that a product is dangerous to an extent beyond that which would by contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics, or that the product because of its dangerous condition would not be put on the market by a reasonably prudent manufacturer or seller, assuming that the manufacturer or seller knew of its dangerous condition. Tenn. Code Ann. § 29-18-102(8).

Adequacy of Warnings

Alternatively, Defendants argue that the warnings on the Product were adequate. To be considered adequate, a warning must be one calculated to bring home to a reasonably prudent user of the product the nature and extent of the danger involved in using the product. *Smith v. Guadino*, 911 F.Supp. 296, 299 (E.D. Tenn. 1996). Whether a warning is adequate is a question for the jury unless reasonable minds could not disagree on the outcome. *Id.*; *Hurt v. Coyne Cylinder Co.*, 956 F.2d 1319, 1329 (6th Cir. 1992).

Defendants cite to four sources of warnings which they claim to be adequate: (1) a package insert, (2) a training manual, (3) a "swift tag" on the door anchor and (4) an instructional video.

The package insert, according to Defendants, stated that serious or fatal injury can occur and that the Product is intended to be used by adults only in the manner shown/illustrated/ described.

The package, according to Defendants, included a laminated, bound Training Manual, in which was the following warning, among others: "NEVER place the Door Anchor over or under the door." Defendants claim that the Training Manual also instructed users on door anchor placement and installation through text and illustrations and that the back cover of the Training Manual stated: "IMPORTANT: Read all warnings and directions before using this product in order to reduce the risk of injury."

The door anchor itself, Defendants argue, comes with a tag attached which included a warning about where to place (and NOT place) the door anchor. Finally, the instructional video, according to Defendants, displays warning messages on its screen.

Plaintiff, on the other hand, argues that the placement and language of these warnings were inadequate. He contends that (1) there was no warning tag on the door anchor of the Product; (2)

4

the package insert directed users to review warnings and instructions, but there was nothing in the package entitled "warnings" or "instructions;" (3) the warning statements were not positioned in the package to draw the attention of the user; and (4) none of the warnings identified the specific hazard and risk of using the door anchor under a door.

As noted above, the adequacy of the warning is a jury question unless reasonable minds could agree on the outcome. The parties dispute whether Plaintiff received all the alleged warnings with his Product, whether the placement of the warnings within the package and/or on the Product was adequate, whether the warnings themselves were adequate, and whether a reasonable person would have read the Training Manual and watched the instructional video and seen the warnings. Given these issues of fact, the Court cannot find, as a matter of law, that reasonable minds would agree that these warnings were adequate.

Proximate Cause

Besides showing a defective or unreasonably dangerous condition, a products liability plaintiff must always prove that the unreasonably dangerous or defective condition was the proximate cause of his injury. *Nye v. Bayer Cropscience, Inc.*, 347 S.W.3d 686, 704-05 (Tenn. 2011). The issue of proximate cause is ordinarily a question for the jury. *Lake v. Memphis Landsmen, LLC*, 405 S.W.3d 47, 67 (Tenn. 2013).

Thus, for an action based upon inadequate warning, the Plaintiff must show not only that the Product was unreasonably dangerous by reason of the defective warning, but also that the inadequate warning proximately caused Plaintiff's injuries. *Barnes v. Kerr Corp.*, 418 F.3d 583, 590 (6th Cir. 2005). Plaintiff has the burden to show that the inadequate warnings proximately caused his injuries. *Hurt,* 956 F.2d at 1329.

5

It is well established that cause in fact and proximate cause are ordinarily jury questions unless the uncontroverted facts and inferences to be drawn from them make it so clear that all reasonable persons must agree on the proper outcome. *Wilson v. Americare Systems, Inc.*, 397 S.W.3d 552, 559 (Tenn. 2013).

Defendants argue that Plaintiff cannot establish that any inadequate warnings proximately caused his injuries because Plaintiff admitted that he did not read the warnings and that he does not know if he would have followed them if he had read them. Defendants contend that they had a right to expect Plaintiff to read and heed the warnings provided.

Plaintiff argues that a jury could find that these warnings were not positioned or stated in a way to "bring home" the nature and extent of the danger to a reasonable and ordinary consumer. The Court finds that there is a genuine issue of material fact as to whether different or more prominently placed warnings were reasonable to insure that Plaintiff would notice and read them. A jury may agree with Defendant that nothing about these warnings was a proximate cause of Plaintiff's injuries; on the other hand, a jury reasonably could find that Plaintiff's injuries are causally connected to inadequate warnings which never caught Plaintiff's attention.

<u>Comparative Fault</u>

Finally, Defendants argue that Plaintiff was at least 50% at fault in this accident and, therefore, any recovery to him is barred. Comparative fault principles apply in products liability actions. *Whitehead v. Toyota Motor Corp.*, 897 S.W.2d 684, 693 (Tenn. 1995).

The issue of allocation of fault is also a determination of fact to be made by the jury. *Wilson*, 397 S.W.3d at 559; *see also Corley v. Wal-Mart Stores East, LP,* 2015 WL 413792 at * 5 (M.D. Tenn. Jan. 30, 2015).

It is clear that the parties disagree as to who was at fault in this accident. For example, Plaintiff claims that the door anchor on the Product was defective (Defendants' fault) because its warnings were inadequate and it was not big enough to prevent it from dislodging from under the door when in use and was too big to work in certain door jambs. Defendants claim that their Product was not defective and that Plaintiff was injured because he did not read or heed the warnings and misused the Product (Plaintiff's fault). As set forth above, there are factual issues as to all these claims. There are corresponding issue of fact as to comparative fault that preclude summary judgment on this basis.

## CONCLUSION

Defendants have asked the Court to find, as a matter of law, that there are no genuine issues of material fact and they are entitled to judgment. There are too many factual questions surrounding this Product, this accident, Defendants' duties, Plaintiff's use or misuse, the alleged warnings, and proximate cause to grant Defendants' Motion. The credibility of witnesses and the weight to be given the evidence and testimony must be determined by the factfinder. Accordingly, Defendants' Motion for Summary Judgment (Docket No. 68) is DENIED.

IT IS SO ORDERED.

                                                                    TODD J. CAMPBELL
                                                                    UNITED STATES DISTRICT JUDGE